# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **SHAUNNA DUMA-QUIGLEY,** | CASE NO. 3:22 CV 917 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Plaintiff Shaunna Duma-Quigley seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge James E. Grimes, Jr., for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Grimes recommends this Court affirm the Commissioner's final decision. (Doc. 10). Plaintiff filed objections to the R&R (Doc. 11), and the Commissioner filed a response thereto (Doc. 12). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R as modified herein, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits and supplemental security income in June 2019 alleging a disability onset date of May 9, 2019. *See* Tr. 13. Her claims were denied initially and upon reconsideration. *See id.* Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before an administrative law judge ("ALJ") on February 16, 2021. (Tr. 33-80). On May 3, 2021, the ALJ found Plaintiff not disabled in a written decision. (Tr. 13-27). The Appeals Council denied Plaintiff's request for review, making the hearing decision the

final decision of the Commissioner. (Tr. 1-3). Plaintiff timely filed the instant action on June 1, 2022. (Doc. 1).

Plaintiff raised a single assignment of error in her initial brief. *See* Doc. 6. She argued the ALJ erred in evaluating the opinion of state agency psychologist, Dr. Haskins. Specifically, she argued the ALJ "provided an inadequate explanation" for why she did not include Dr. Haskins's limitation to "superficial interaction" in the residual functional capacity ("RFC"). *See* Doc. 6, at 9 ("The fact that the ALJ did not include the limitation was not the error here; rather, the error was the lack of adequate explanation for why that opinion was excluded from the RFC.").

In his R&R, Judge Grimes concluded the ALJ did not err. He recommends the Court affirm the Commissioner's decision. *See* Doc. 10.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are

supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### DISCUSSION[1]

Plaintiff raises three objections to the R&R. First, she objects to the R&R's contention that there may not be any difference between a limitation to "occasional" interaction with others and "superficial" interaction with others. Second, she objects to the R&R's conclusion that the RFC limitation to no team or tandem tasks adequately encompasses any superficial interaction limitation. Third, she objects to the R&R's conclusion that the ALJ adequately explained her decision to discount Dr. Haskins's superficial interaction limitation and that determination is supported by substantial evidence. The Court addresses these in reverse order.

Rationale for Discounting "Superficial" Limitation

Plaintiff argues the R&R incorrectly determined the ALJ provided an adequate explanation for discounting Dr. haskins's "superficial" interaction limitation. This is so, she contends, because: (1) the ALJ is not a vocational expert so she could not determine whether Plaintiff's part-time work at McDonald's involved more than superficial interaction; (2) Plaintiff's work at McDonald's was "at best" only inconsistent with superficial interactions with the public and does not address interactions with supervisors; and (3) the additional evidence cited was not relevant. (Doc. 11, at 4-5).

On October 8, 2019, at the initial review level, Dr. Kristen Haskins, state agency psychological reviewer, opined Plaintiff was moderately limited in her abilities to interact appropriately with the public, accept instructions and respond appropriately to criticism from

---

1. Neither party objects Judge Grimes's summary of the record. Because the Court incorporates the R&R into this Opinion, it need not repeat that summary.

supervisors, and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (Tr. 109-10). She explained Plaintiff's "ability to deal with supervisors, co-workers, and the public would be reduced. However, she can interact with others on a brief, infrequent, and superficial basis." *Id.* at 109. At the reconsideration level, on March 3, 2020, Dr. Karla Delcour found Plaintiff would be moderately limited in the ability to accept instructions and respond appropriately to criticism from supervisors, as well as to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; she noted Plaintiff was not significantly limited in her ability to interact appropriately with the general public. (Tr. 123). She did not offer any limitation regarding "superficial" interactions. *See id.*

The ALJ's RFC limited Plaintiff to: "occasional interaction with the general public, supervisors and coworkers with no team or tandem tasks." (Tr. 19). After summarizing both state agency psychological consultant opinions, the ALJ stated she found those opinions "somewhat persuasive". (Tr. 24). As to the superficial limitation, specifically, the ALJ explained:

> [T]he evidence did not fully support that the claimant was limited to only superficial basis with others. The claimant testified that she worked at McDonalds since January 2020 as a cashier and order clerk in the drive-thru. (Hearing Transcript). This job requires more than superficial interaction with the general public. She did not testify to any problems dealing with customers, supervisors, or coworkers at her part-time job. The claimant's anxiety, panic disorder, and agoraphobia were treated well with Ativan as she told her nurse practitioner that it helped relax her and helped her leave the house (23F/58, 61). Moreover, a letter from the claimant's employer did not report significant problems when interacting with others or with coworkers and supervisors/management. The claimant was still working as a cashier/order taker as opposed to tasks at McDonalds with little to no public interaction such as making or filling the food orders. The mental residual functional capacity assessment herein restricts the claimant to no team or tandem tasks with coworkers to accommodate anxiety and panic disorder, and it allows for occasional interaction with supervisors, coworkers, and the general public.

*Id.*

Plaintiff objects to the R&R's conclusion that the ALJ provided an adequate, supported analysis as to why a superficial limitation was not included. (Doc. 11, at 4). She contends "[t]he Magistrate Judge highlighted the reasoning employed by the ALJ. The same reasoning [Plaintiff] argued was insufficient to explain why the Agency's own reviewing mental health expert's opinion was being completely rejected" and that such "reasoning is flawed . . . [and] nothing more than the ALJ's cursory declaration." *Id.* This objection, in large part, restates the argument made to the Magistrate Judge (*see* Doc. 6, at 8-9) and simply expresses disagreement with the Magistrate Judge's analysis thereof.

Nevertheless, on *de novo* review, the Court agrees with the R&R that the ALJ adequately explained her reasoning and her conclusion that "the evidence did not fully support that the claimant was limited to only superficial basis with others" (Tr. 24), is supported by substantial evidence. The ALJ cited Plaintiff's work at McDonald's as a cashier and order clerk (jobs that necessarily involve interactions with the public). *See Jared W. v. Comm'r of Soc. Sec.*, 2023 WL 1960600, at *3 (S.D. Ohio) (finding supported the assertion that, *inter alia*, work at a fast food chain "detract[ed] from the persuasiveness of an opinion that Plaintiff can have only superficial interaction with others."). The ALJ further observed Plaintiff provided no evidence – either in her testimony or by way of the letter from her employer – that she had specific difficulty in social interactions during this employment. *Id.* This is supported by the record. *See* Tr. 42-44 (describing work at McDonald's); Tr. 61 (describing that she had her "own little corner" at work, but also that she was "surrounded by other people"); Tr. 388 (undated letter from Plaintiff's manager stating that she was provided accommodations such as a reduced schedule and "allowing her to work in a position that is easier on her back and anxiety"). Additionally, while Plaintiff cited anxiety disorder and agoraphobia with panic disorder as the basis for these limitations, the ALJ noted that these

disorders "were treated well with Ativan as she told her nurse practitioner that it helped relax her and helped her leave the house." (Tr. 24) (citing, *inter alia*, Tr. 1518 (January 24, 2020 visit note from CNP Katelyn Boldon). Although Plaintiff contends it "is not readily apparent" how improvement with medication "was inconsistent with superficial interaction with others" and the ALJ "never once even attempted to explain how that evidence contradicted Dr. Haskins' expert opinion" (Doc. 11, at 5), the Court disagrees. In context, this evidence speaks directly to Plaintiff's agoraphobia and ability to be around others. And, notably, the cited treatment note is from January 2020, which post-dates Dr. Haskins's opinion. *See* Tr. 1518.

In sum, the ALJ provided a supported rationale to discount (or, given the limitation to no team or tandem tasks, to partially discount), Dr. Haskins' opinion that Plaintiff could have only superficial interactions with others. And this Court finds that rationale is supported by substantial evidence.

Team or Tandem Tasks

Plaintiff also objects to the R&R's assertion that the limitation to no tandem tasks or teamwork adequately accounted for any superficial interaction limitation. (Doc. 11, at 3). She contends this speaks only to interactions with coworkers but not to interactions with supervisors or the public.

First, as discussed above, the Court finds the ALJ provided an adequate explanation for partially discounting the superficial interaction limitation. Second, an ALJ is not required to adopt every limitation opined by a physician, even if she finds such an opinion persuasive. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). Third, the Court agrees with the R&R's conclusion that the ALJ's mental RFC – limiting Plaintiff to "occasional interaction with the general public, supervisors and coworkers with no team or tandem tasks" (Tr. 19) – adequately

6

accounts for Plaintiff's mental limitations and is supported by substantial evidence. Notably, the ALJ did not say she was entirely rejecting the superficial interaction limitation, but said she found the evidence "did not fully support" such a limitation. She explained that the RFC "restricts the claimant to no team or tandem tasks with coworkers to accommodate anxiety and panic disorder, and it allows for occasional interaction with supervisors, coworkers, and the general public." (Tr. 24).

Courts have found limitations to no team or tandem tasks properly account for a limitation on superficial interactions with others. *See, e.g.*, *Kearns v. Comm'r of Soc. Sec.*, 2020 WL 2841707, at *12 (N.D. Ohio), *report and recommendation adopted*, 2020 WL 2839654 ("The ALJ's limitation to no team or tandem tasks is a qualitative limitation on social interaction and adequately addressed the opinion of Drs. Matyi and Finnerty that Kearns be limited to superficial interaction with others."); *Romo v. Comm'r of Soc. Sec.*, 2021 WL 5040385, at *7 (N.D. Ohio), *report and recommendation adopted*, 2021 WL 4437062 ("Here, since the ALJ limited Claimant to 'no tandem work', such a limitation prevents him from working alongside coworkers and supervisors. It logically follows then that the only interaction that Claimant would have with his coworkers and supervisors would be superficial.").

To Plaintiff's argument that such a limitation only speaks to interactions with coworkers, and not interactions with supervisors or the public: (1) the ALJ explained that neither Plaintiff's own testimony nor the letter from her employer identified significant problems interacting with supervisors at her part-time job; and (2) Dr. Delcour, the subsequent state agency reviewing physician, opined Plaintiff was not significantly limited in her ability to interact appropriately with the general public. (Tr. 123). Thus, the ALJ's RFC adequately accounted for both quantitative ("occasional") and qualitative ("no team or tandem tasks") limitations on Plaintiff's interactions

7

with others. And the mental RFC is supported by substantial evidence – defined as "more than a scintilla of evidence but less than a preponderance . . . [and] such relevant evidence a reasonable mind might accept as adequate to support a conclusion". *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994).

"[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Therefore, although Plaintiff can point to evidence in the record that she is more limited, because the ALJ's decision is adequately explained and supported by substantial evidence, this Court must affirm.

Difference Between "Occasional" and "Superficial"

Plaintiff also objects to the R&R's analysis questioning whether there is a meaningful difference between the terms "occasional" and "superficial" as applied to social functioning. (Doc. 11, at 3); *see* Doc. 10, at 16-17. Because above, the Court agrees with the dispositive analysis in the R&R that the ALJ provided a substantially supported rationale for not including the "superficial" limitation in its entirety (and that the mental RFC is supported by substantial evidence), it need not reach this issue, and therefore does not adopt this discussion in the R&R.[2]

---

2. As another Judge of this Court explained, in declining to adopt a similar analysis because it was unnecessary to reach the issue:

> In *Reeves v. Comm'r of Soc. Sec.*, 618 Fed. Appx. 267 (6th Cir. 2015), the court upheld a decision by an ALJ who afforded great weight to the opinions of the state agency psychologists. The psychologists opined that plaintiff was limited to "superficial" contact, but the RFC limited plaintiff to "occasional" contact with the public. The court determined that the ALJ did not err. The vast majority of district courts, and at least one decision from the Appeals Council, have concluded that the terms "superficial" and "occasional" have different meanings. And, some courts within this Circuit have distinguished *Reeves*, finding that the issue was not

8

**CONCLUSION**

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Grimes's R&R (Doc. 10) is ADOPTED as the Order of this Court as modified herein, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

   s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

---

squarely before the Court. *See*, *Cooper v. Comm'r of Soc. Sec.*, 2018 WL 6287996 (S.D. Ohio Dec. 3, 2018); *Holmes v. Saul*, 2020 WL 6747750 (N.D. Ohio Oct. 26, 2020).

*Cox v. Comm'r of Soc. Sec.*, 2022 WL 4102741, at *3 (N.D. Ohio); *see also Perrine v. Berryhill*, 2019 WL 1331597, at *8 (N.D. Ohio) ("The terms 'occasional' and 'superficial' are not interchangeable. *See Lindsey v. Comm'r Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) ("'Occasional contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial contact' goes to the quality of the interactions.").").

9